

FILED

DEC ~~~ - 2017

DAVID CREWS, CLERK
BY _____
                              Deputy

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

SAMMY BROWN and BRIAN KEITH
HOWELL, on behalf of themselves and all
others similarly situated,

     Plaintiffs,

     v.

CITY OF CORINTH and JOHN C. ROSS, in
his official capacity as the Municipal Court
Judge of the Corinth Municipal Court,

     Defendants.

Case No. 1: 17CV204- DMB-DAS

(Class Action)

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    The Municipal Court in Corinth, Mississippi, is operating a modern-day debtors' prison, jailing the poor for the inability to pay money bail and fines. A person arrested for a misdemeanor or municipal charge will not be released from jail unless they pay a monetary amount predetermined by a bail schedule and without any consideration of ability to pay. The City does not bring an arrestee before a judicial officer for an initial appearance until the next scheduled court date, which is only held once per week. Thus, a person arrested for a misdemeanor or municipal offense may languish in jail for up to a week (or even longer if there is a holiday) before she has any opportunity to ask a judge to review her monetary conditions of release, and before a judge even determines whether there was probable cause for her arrest. When court does occur and persons are adjudicated and given a fine, they are required to pay the entire fine or make a down-payment, and if they cannot do so they again are jailed, sitting out their fine at a rate of $25 per day. No inquiry into their ability to pay ever occurs.

1

2.     Defendants operate this debtors' prison in Corinth, Mississippi, where one out of every four people lives in poverty, nearly half of the population over the age of sixteen does not work, and the median household income is approximately half of the national median household income.[1]

3.     The experiences of Plaintiffs Sammy Brown and Brian Keith Howell are typical. Mr. Brown was arrested on December 1, 2017, without a warrant and charged with public drunkenness, a misdemeanor offense.  He has been held in pretrial detention for more than 72 hours.  He has not had an initial appearance, an individualized determination of the conditions of pretrial release, or a judicial determination that there was probable cause for his arrest.  Mr. Brown has a learning disability, has a limited high school education, is unemployed, and lives with his father.  His only regular source of income is his disability check, which he has been receiving since he was a young child.  He is incarcerated only because he cannot afford to pay the $600 bond required by the secured bail schedule.  If he could pay the amount, he would be released from jail immediately.

4.     Mr. Howell was arrested on November 27, 2017.  On December 4, 2017, he pleaded guilty to the charges of no insurance, improper equipment, and no driver's license and was ordered to pay a $1,005 fine or to sit it out at a rate of $25 per day.  Mr. Howell is indigent, does not have steady employment, cannot afford to pay the fine, and is wheelchair-bound due to a vehicular accident a couple years ago that resulted in his leg being amputated.  He is currently using a wheelchair, provided by the Alcorn County Correctional Facility, with a broken wheel he

---

[1]  *See* U.S. Census Bureau, *QuickFacts: Corinth City, Mississippi: 2011–2015,* https://www.census.gov/quickfacts/fact/table/corinthcitymississippi/PST045216, attached as Ex. Y to the Declaration of Micah West ("West Decl.").

had to tape together. He is incarcerated because he cannot afford to pay the fine. If he could pay the amount, he would be released from jail immediately.

5.        Plaintiffs bring this civil rights action against Defendants City of Corinth ("the City") and Municipal Court Judge John C. Ross ("Ross").

6.        Plaintiff Mr. Brown, on behalf of himself and all others similarly situated, seeks a declaration that Defendants' policy, practice, or custom of using a secured money bail schedule for misdemeanor and municipal offenses—which results in pretrial detention due only to poverty—is unlawful, and an order enjoining Defendant City of Corinth from detaining people arrested for misdemeanors and municipal offenses solely because they are unable to pay a monetary amount set by a secured bail schedule.

7.        Plaintiff Mr. Brown, on behalf of himself and all others similarly situated, also seeks a declaration that the City's policy, practice, or custom of failing to hold or seek prompt probable cause determinations for people arrested without a warrant violates the federal Constitution, and an injunction requiring the City to comply with the constitutional requirement that people arrested without a warrant must receive a probable cause determination by a judicial officer without unnecessary delay, and no later than 48 hours after arrest.

8.        Plaintiff Mr. Howell, on behalf of himself and all others similarly situated, seeks a declaration that Defendant Ross's practice of requiring people convicted of misdemeanor or municipal offenses to pay or sit out their fines in jail, without first appointing counsel and determining whether they have the ability to pay, is illegal.

## II.        JURISDICTION AND VENUE

3

9.      This is a civil rights action arising under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, et seq., and the Fourteenth Amendment to the United States Constitution.   The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### III.    PARTIES

**A. Plaintiffs**

11.     Plaintiff Sammy Brown is a resident of Corinth, Mississippi.

12.     Plaintiff Brian Keith Howell is a resident of Corinth, Mississippi.

**B. Defendants**

13.     Defendant City of Corinth is a municipal corporation located within Alcorn County, Mississippi.

14.     Defendant John C. Ross is the Municipal Court Judge for the Corinth Municipal Court.  He is sued in his official capacity.

### IV.    STATEMENT OF FACTS

**A. Defendants Unconstitutionally Detain People Unable to Pay Secured Money Bail Set Pursuant to the Predetermined Bail Schedule.**

15.     On Friday, December 1, 2017, the Corinth Police Department arrested Mr. Brown for public drunkenness.

16.     He was not told his bond amount when he was initially booked into the jail, but later learned from the jail that his bond amount is $600.  The jail also told him that he would be required to pay his fine and court costs or would remain in jail for 11 days.

17. He was not brought to court on Monday, December 4, 2017, because his ticket had not yet been processed into the system. Instead, the jail told Mr. Brown that he would be brought to court the following Monday, December 11, 2017, if he could not afford to pay bail.

18. Mr. Brown is indigent and cannot afford to buy his release from jail. Mr. Brown has a learning disability, has a limited high school education, is unemployed, and lives with his father. His only regular source of income is his disability check, which he has been receiving since he was a young child.

19. The treatment of Mr. Brown was caused by and is representative of the Defendants' post-arrest policies, practices, and customs.

20. Defendant City of Corinth jails people arrested by its police department or jailed by its municipal court in the Alcorn County Regional Correctional Facility ("jail").

21. After booking, municipal arrestees are eligible for immediate release, but only if they pay a predetermined amount of money.

22. The required amount of money is determined by referring to the City of Corinth's bail schedule, which lists the bail amount(s) based on the offense(s) of arrest.

23. It is the policy, practice, or custom of Defendant City of Corinth to not allow post-booking release on an unsecured bond (in which a person would be released after promising to pay the scheduled amount if she does not appear in court on a scheduled date).[2] Instead, the City requires a secured bond (i.e., the City requires that the amount be paid prior to release).[3]

24. If an arrestee can afford to pay the required monetary amount, she is released from the jail. If an arrestee cannot, she remains detained until the next municipal court date,

---

[2] *See* MRCrP 8.1(b) (defining "unsecured appearance bond").

[3] *See* MRCrP 8.1(c) (defining "secured appearance bond").

which may be a week or more after the person's arrest.[4]  There is no inquiry into the person's ability to pay, consideration of alternative non-financial conditions of release, or findings that the amount is necessary to secure public safety or court appearance.

25.     Defendants' policy, practice, or custom of detaining people who cannot meet the financial conditions of release required by the secured bail schedule results in systematic wealth-based detention in Corinth.

**B. Defendant City of Corinth Does Not Hold or Seek Timely Probable Cause Determinations for People Arrested Without a Warrant.**

26.     Following Mr. Brown's arrest, no one from the Corinth Municipal Court spoke with Mr. Brown about his bail amount or held a probable cause hearing.

27.     The jail told him that he would go to court on Monday, December 11, 2017—10 days after his arrest—if he could not afford to pay his bail amount.

28.     The treatment of Mr. Brown was caused by and is representative of Defendant City of Corinth's policies, practices, or customs regarding initial appearances and probable cause determinations.

29.     Defendant City of Corinth maintains a policy, practice, or custom of holding municipal court just one day per week: "[m]unicipal court is held on Monday of each week.  If a holiday falls on Monday, court [is] held on [the following] Thursday."[5]

30.     In cases involving arrests for misdemeanors and municipal offenses, Defendant City of Corinth also maintains a policy, practice, and custom of not bringing an arrestee before a judicial officer for an initial appearance until the once-weekly court date.[6]

---

[4] *See* City of Corinth, Mississippi, City Court, http://cityofcorinthms.com/departments/city-court/ (last visited Nov. 29, 2017) ("Municipal court is held on Monday of each week.  If a holiday falls on Monday, court will be held on Thursday.").

[5] *See supra* note 4.

31.    If a person is arrested on a Friday, Saturday, or Sunday, Defendants may not finish entering the ticket into the system until after the next Monday court date. Thus, some arrestees may not receive a bail or probable cause hearing for as long as ten days.

32.    "[I]f [an] arrest has been made without a warrant," one of the purposes of the initial appearance is for a judge to "determine whether there was probable cause for the arrest . . . ." MRCrP 5.2(a)(3).

33.    Thus—as a result of the City's policies, practices, or customs—people arrested for misdemeanor or municipal offenses are regularly held in jail for a week or longer without a probable cause determination by a judge.

### C. Defendants Do Not Review Arrestees' Financial Conditions of Release at the Initial Appearance.

34.    At an initial appearance, Mississippi law also requires a judge to determine whether a defendant should be released on her personal recognizance, or subject to "the least onerous condition(s)" of release. MRCRP 8.2(a).[7]

35.    In practice, however, Defendant Ross does not conduct an individualized determination of the conditions of release at initial appearances for people charged with misdemeanor and municipal offenses. Nor does Defendant Ross make any findings that a person can afford the secured bail amount set pursuant to the bail schedule, or that the secured bail amount is the least onerous condition of release that will ensure public safety and court appearance.

---

[6] By law, the City's police officers are tasked with bringing an arrestee before a judicial officer for the initial appearance. *See* Miss. Code Ann. § 99-3-17 ("Every person making an arrest shall take the offender before the proper officer without unnecessary delay for examination of his case, except as otherwise provided in Section 99-3-18.").

[7] *See also* MRCrP 8.5(a) ("When a defendant is brought before a court for initial appearance, a determination of the conditions of release shall be made.").

36.     Instead, in cases involving persons charged with misdemeanor and municipal offenses, the only question that Defendant Ross asks at the initial appearance is if the person "admits or denies the charges."

37.     If a person denies the charges, Defendant Ross schedules a trial date generally for four to five weeks later and sends the person back to jail.

38.     Thus, an individual who cannot afford the predetermined secured money bail amount usually will be detained until the resolution of her case. By contrast, an arrestee who can pay the monetary amount required by the secured bail schedule is released immediately from jail.

**D. Defendant Ross Systematically Jail and Threaten to Jail Individuals Who Cannot Pay Fines and Court Costs.**

39.     The Corinth Police Department arrested Mr. Howell on November 27, 2017, on a warrant for no driver's license, no insurance, and not having a tail light after he was driving home from Walmart after purchasing bread and peanut butter for his family.

40.     On December 4, 2017, Mr. Howell pleaded guilty to the three traffic tickets and Defendant Ross assessed more than $1,000 in fines and court costs. Defendant Ross informed Mr. Howell that he could pay or sit out the fine.

41.     Mr. Howell is indigent, does not have steady employment, and cannot afford to pay the fine. Two years ago, he was run over by a truck in a motorcycle accident. He was hospitalized for over a month after doctors amputated his leg. He also lost his spleen and suffered nerve damage to his arm from the accident. He is currently wheelchair-bound and is using a wheelchair, provided by the Alcorn County Correctional Facility, with a broken wheel he had to tape together.

42.     Mr. Howell tried to explain to Defendant Ross that he was in the process of applying for disability, but he refused to listen to him. Defendant Ross did not ask him any

8

questions about his accident, what he could afford to pay, or why he is wheel-chair bound. Instead, Defendant Ross simply assessed the fine and sent him back to jail.

43.     After he got back to jail, he was told that he would be required to sit out the fine for about 50 days and would be given credit toward his fines and court costs at a rate of $25 per day.  He will miss Christmas, New Years, and several of his kids' birthdays.

44.     The treatment of Mr. Howell was caused by and is representative of Defendant Ross's debt collection policies, practices, or customs.

45.     Defendant Ross generally imposes a fine and court costs if a person charged with misdemeanor or municipal offenses admits the charges at their initial appearance, or is found guilty thereafter.

46.     Defendant Ross has a policy, practice, or custom of not inquiring into a person's ability to pay when imposing a fine and court costs.

47.     Defendant Ross has a policy, practice, or custom of requiring those who are assessed a fine to pay it all, or to make a substantial down-payment, immediately.  Defendant Ross orders any person who cannot pay this amount to be jailed until the fine is paid in full or the person has sat out the fine at a rate of one day for each $25 owed.

48.     The clerk's office has a sign that memorializes this policy, stating that any fine below $299 must be paid in full and that any fine above $300 requires a down-payment in the amount of half the fine, and that anyone who does not pay will be incarcerated:



49.     Defendant Ross has a policy, practice, or custom of not inquiring into the person's ability to pay before requiring a person to pay a fine or to sit out the fine in jail.

50.     Defendant Ross directs anyone who receives a fine and is not incarcerated prior to their adjudication to go to the clerk's office to arrange for payment.

51.     Deputy clerks detain in the clerk's office any person who Defendant Ross orders to pay a fine or make a down payment until she comes up with the minimum amount ordered by Defendant Ross.  If a person is unable to make the required payment by the end of the day, she is jailed until the fine is paid or the person has sat out the fine at a rate of $25 per day.

52.     The Municipal Court generally charges an additional $50 fee for participation in a payment plan, and requires any person placed on a payment plan to pay a minimum of $100 per month toward the balance on the fine and court costs.

53.     Defendant Ross requires any person on a payment plan to return to court once per month, and if they have not paid the monthly amount owed, Defendant Ross sends her to the clerk's office to make a payment, with a "Notice" that the person must pay $100 (or their monthly payment amount) or go to jail.  Defendant Ross does not conduct any inquiry into ability to pay or willfulness before sending her to the clerk's office.  In the example below, Defendant Ross told Latonya James, "100 today or jail:"

54.     The fee to participate in the payment plan is referred to as a "Part-Pay Fee" and is memorialized in court records as "PPF." The sign in the clerk's office also refers to these "additonal [sic] fees" for participation in a payment plan.

55.     Those detained at the clerk's office—whether on the date of adjudication where they are trying to make a payment on their fine, or those who were unable to pay the amount required by their payment plan—are permitted to make phone calls to family and friends to try to arrange for payment. The clerk's office contains a phone that people are permitted to use to make phone calls to try to arrange for payment. Above the phone is a sign that instructs people to make the call three minutes or less.

56.     If family, friends, or co-workers bring money to pay the fine before the end of the business day, the deputy clerks permit the person to leave the clerk's office and go home.

57.     If a person cannot find someone to bring them the money they need, a City police officer arrests that person and requires her to sit out the fine at a rate of $25 per day.

58.     Defendant Ross does not provide or appoint counsel to anyone for whom he is considering jailing for non-payment on the date of their adjudication, nor for anyone appearing in court who is on a payment plan. Nor does Defendant Ross provide notice before the proceedings that the person's ability to pay will be a critical issue at the hearing if they are unable to pay.

59.     If a person is unable to pay their required monthly payment and fails to appear in court, Defendant Ross issues a failure to pay warrant. The jail logs document when a person is arrested on a failure to pay warrant. In the example below, an individual was jailed for more than a month on a failure to pay warrant before serving out the rest of the sentence at a crisis center:

*Failure to Pay    11 17 16 11/16 $964.00    Time Served...
Al Williams—mle Child*

60.     The Municipal Court clerk's minute entries also document when a person is jailed for non-payment.  To illustrate, in the sample minutes below, Defendant Ross ordered a detained individual to "pay or sit out" his fine and court costs:

DEFENDANT WAS FINED: $91.75 _____          PLUS ASSESSMENTS: $163.25 _____

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF MY COURT RECORD AS
RECORDED IN DOCKET: 16M02828 _____

**REMARKS BY COURT:**

>> 11/04/2016  8:55  WILLIS63 DEFENDANT WAS GIVEN CREDIT FOR 19 REG. DAYS SERVED
FROM 10/12/16-11/01/16: $475.00. >> 10/19/2016  8:04 GSEAWRIGHT 10/17/2016 CAME TO
COURT FROM JAIL. PLEAD GUILTY TO PAY OR SIT OUT

SIGNED _Sara Willis_ _____          TITLE _Deputy Clerk_

61.     Any individual jailed for non-payment can be released from jail if the fine and court costs are paid in full.

62.     The jail logs also document the amount of money an individual has to pay, or the amount of time the individual has to serve, to be released from jail.  In the example below, an individual was ordered to pay or sit out $500 on October 31, 2016, and was released from jail on November 17, 2016:



*(w) Fail to Pay    $500.00 Cash    ...Served...
11 17 16 ? Court 10-31-16 Pay or sit Fine    Sit Fines out*

**E.  Class Action Allegations**

63.     Plaintiffs seek to certify three Classes for equitable relief.

64.     Plaintiff Brown seeks class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(2), related to Claim One only.  This Class is defined as: All arrestees who are or who will be jailed in the Alcorn County Regional Correctional Facility for charges that will be adjudicated in

13

the Corinth Municipal Court and who are unable to pay the secured monetary bail amount required for their release. This Class is referred to as the "Bail Class."

65.     Plaintiff Brown also seeks certification pursuant to Fed. R. Civ. P. 23(a) and (b)(2), related to Claim Two only. This Class is defined as: All people who are or who will be jailed in the Alcorn County Regional Correctional Facility on a warrantless arrest that will be adjudicated in the Corinth Municipal Court and who have not or will not receive a probable cause determination within 48 hours of their arrest. This Class is referred to as the "Probable Cause Hearing Class."

66.     Plaintiff Howell seeks class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(2), related to Claims Three and Four only. This Class is defined as: All persons who are or who will be jailed in the Alcorn County Regional Correctional Facility for non-payment of court-imposed financial obligations in the Corinth Municipal Court. This Class is referred to as the "Pay-or-Stay Class."

67.     A class action is a superior means, and the only practicable means, by which Mr. Brown and Mr. Howell and unknown proposed Class members can challenge Defendants' unlawful use of secured money bail, untimely probable cause determinations, and pay-or-stay practices.

68.     Class action status is appropriate because Defendants have acted, or failed and/or refused to act, on grounds that apply generally to the proposed Classes, such that final injunctive and declaratory relief are appropriate with respect to each Class member of all proposed Classes.

69.     As set forth more fully below, this action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a); the class counsel requirements of Rule 23(g); and the requirements of Rule 23(b)(2).

14

### i.  Numerosity

70.     The precise size of the Classes are unknown by Plaintiffs because they are forward-looking, but they are substantial, given that hundreds of municipal and misdemeanor arrestees are booked into the Alcorn County Correctional Facility on charges in the Corinth Municipal Court each year.  Of those arrestees, approximately ten per month are held in the jail in excess of 48 hours on warrantless arrests and without an apparent ability to secure their release by posting the money bail amount required by the bail schedule.  Approximately thirty persons per month are arrested and jailed for failure to pay court-ordered fines and costs, without first receiving an ability to pay determination and without counsel.  Joinder of these unknown future members is impracticable.

71.     Many of the members of the proposed Classes are low-income individuals who will likely lack financial resources to bring an independent action or to be joined in this action. Joinder of every member of the proposed Classes would be impracticable.

### ii.  Commonality

72.     Plaintiffs raise claims based on questions of law and fact that are common to, and typical of, the members of the putative Classes they seek to represent.

73.     Among the most important, but not the only, questions of fact common to the Bail Class include:

    a.  Whether Defendants have a policy, practice, or custom of using a predetermined, secured money bail schedule to determine the amount of money necessary to secure post-arrest release;

    b.  Whether Defendants have a policy, practice, or custom of releasing arrestees from jail who pay the monetary amount required by the bail schedule and detains those who cannot;

    c. Whether Defendants have a policy, practice, or custom of detaining all individuals who are unable to pay the monetary amount required by the bail schedule regardless of whether an inquiry into their ability to pay has been made; and

    d. What standard post-arrest procedures Defendants perform on misdemeanor and municipal arrestees; for example, whether Defendants use any alternate procedures for promptly releasing people determined otherwise eligible for release but who are unable to afford a monetary payment.

74. Among the most important, but not the only, questions of law common to the Bail Class include:

    a. Whether detaining a person who cannot afford a financial condition of pretrial release without inquiry into and findings concerning a person's ability to pay and without consideration of alternative conditions of release violates the Fourteenth Amendment's Due Process and Equal Protection Clauses;

    b. Whether Defendants' actions in detaining arrestees solely based on their inability to pay a predetermined amount of money violate the Fourteenth Amendment's Due Process and Equal Protection Clauses; and

    c. Whether declaratory and injunctive relief are appropriate and if so, what the terms of such relief should be.

75. Among the most important, but not the only, questions of fact common to the Probable Cause Hearing Class are:

    a. Whether Defendant City of Corinth has a policy, practice, or custom of holding municipal court just one day per week; and

    b. Whether, in cases involving arrests for misdemeanor or municipal offenses,

Defendant City of Corinth has a policy, practice, or custom of not bringing an arrestee before a judicial officer for an initial appearance until the once-weekly court date.

76.     Among the most important, but not the only, questions of fact common to the Probable Cause Hearing Class are:

     a.   Whether Defendants' policy, practice, or custom of delaying the probable cause determination in misdemeanor and municipal offense cases until the once-per-week court date violates the Fourth Amendment's prohibition against unreasonable seizures; and

     b.   Whether declaratory and injunctive relief are appropriate and if so, what the terms of such relief should be.

77.     Among the most important, but not the only, questions of fact common to the Pay-or-Stay Class include:

     a.   Whether Defendant Ross appoints counsel for misdemeanor and municipal arrestees or provides alternative safeguards prior to jailing a person for non-payment of a court-imposed fine, fee, or cost;

     b.   Whether Defendant Ross evaluates whether a person can afford to pay the fine or willfully failed to pay prior to jailing that person for non-payment; and

     c.   Whether Defendant Ross assesses alternatives to incarceration prior to jailing persons for non-payment who were unable to pay.

78.     Among the most important, but not the only, questions of law common to the Pay-or-Stay Class include:

     a.   Whether it violates the Fourteenth Amendment for Defendant Ross to incarcerate

someone for non-payment without inquiring into, and making factual findings about, an individual's ability to pay;

b.  Whether it violates the Sixth and Fourteenth Amendments for Defendant Ross to order individuals to jail for non-payment of fines and court costs without providing counsel at the time of jailing, and without providing any sort of notice regarding the purpose of the hearing in advance of said hearing and other procedural safeguards; and

c.  Whether declaratory relief is appropriate and if so, what the terms of such relief should be.

### iii.  Typicality

79.  Mr. Brown's and Mr. Howell's claims are typical of those asserted on behalf of the proposed Classes. The injuries of Mr. Brown and Mr. Howell all arise out of Defendants' policies, practices, and customs. Each of the named Plaintiffs suffers injuries from the failure of Defendants to comply with the Constitution: they are each confined in jail because they could not afford to pay money bail or a fine and, and Mr. Brown has been jailed for more than 72 hours without a probable cause determination. The answer to whether Defendants' money bail, probable cause determination, and pay-or-stay practices are unconstitutional will determine the claims of Mr. Brown, Mr. Howell, and every other member of the proposed Classes.

80.  If Mr. Brown and Mr. Howell succeed in their claims that Defendants' money bail, probable cause determination, and pay-or-stay practices violate their constitutional rights, that ruling will likewise benefit every other member of the proposed Classes in the same way.

### iv.  Adequacy

81.  Mr. Brown and Mr. Howell will fairly and adequately represent the interests of the proposed Classes they seek to represent.

18

82.    Mr. Brown and Mr. Howell have no interests separate from or in conflict with those of the proposed Classes they seek to represent as a whole, which is sought on behalf of the entire proposed Classes they seek to represent.

### v.    Class Counsel

83.    Mr. Brown and Mr. Howell are represented by attorneys from the Southern Poverty Law Center and The Roderick and Solange MacArthur Justice Center at The University of Mississippi School of Law ("MacArthur Justice Center"), who have experience in litigating complex civil rights matters in federal court and extensive knowledge of both the details of Defendants' practices and the relevant constitutional and statutory law.    Counsel has the resources, expertise, and experience to prosecute this action.

### vi.    Rule 23(b)(2)

84.    Class action status is appropriate because Defendants have acted in the same unconstitutional manner with respect to all members of each of the proposed Classes: Defendants require all arrestees to pay for their release in an amount predetermined by a secured bail schedule and fail to conduct prompt probable cause hearings for those arrested without a warrant. Those who can pay the secured money bail amount are released and those who cannot pay are detained.    Any person who cannot pay the secured money bail amount and is found or pleads guilty is required to pay all or a portion of their fine to be released from jail or to sit out the fine at a rate of $25 per day regardless of their ability to pay the fine amount.

85.    The Classes therefore seek declaratory and injunctive relief that Defendants violate the rights of Plaintiffs and members of the Classes under the Fourth, Sixth, and Fourteenth Amendments by (1) failing to conduct timely probable cause hearings in cases involving warrantless arrests; (2) setting secured financial conditions of release without a prompt and individualized release hearing with adequate procedural protections, including an inquiry

19

into and findings concerning the person's ability to pay, or meaningful considerations of alternative non-financial conditions of release; and (3) requiring any person who is found or pleads guilty to pay all or a portion of their fine or to sit out the fine in jail at a rate of $25 per day without any consideration of the person's ability to pay and without appointing counsel.

86.     Because the putative Classes challenge Defendants' money bail, probable cause determination, and pay-or-stay practices as unconstitutional and seek declaratory and injunctive relief that would apply the same relief to every member of the Class, Rule 23(b)(2) certification is appropriate and necessary.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### Fourteenth Amendment to the Constitution
#### (Due Process and Equal Protection)

*Plaintiff Sammy Brown and the Proposed Bail Class versus Defendant City of Corinth and Defendant Ross in his Official Capacity*

87.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

88.     The Fourteenth Amendment to the U.S. Constitution prohibits jailing a person solely because of her inability to make a monetary payment.

89.     Mr. Brown and the Proposed Bail Class have a fundamental interest in their pretrial liberty under state and federal law.

90.     Jailing a person arrested for a misdemeanor or municipal offense who cannot afford to pay a monetary bail amount predetermined by a secured bail schedule, without inquiry into their ability to pay or consideration of non-financial alternatives, is not narrowly tailored to achieve the government's interests in securing appearance or public safety.

91.    There are less restrictive means to reasonably assure the government's interests.

92.    Defendants violate Plaintiffs' and the Proposed Class's fundamental rights under the Fourteenth Amendment by enforcing against them a post-arrest system of wealth-based detention in which they are kept in jail because they cannot afford a monetary amount of bail pre-determined by a bail schedule without inquiry into or findings concerning ability to pay, and without consideration of and findings concerning alternative non-monetary conditions of release.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment to the Constitution
### (Untimely Probable Cause Determination)

***Plaintiff Sammy Brown and the Proposed Probable Cause Hearing Class***
***versus Defendant City of Corinth***

93.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

94.    The Fourth Amendment to the U.S. Constitution prohibits unreasonable searches and seizures.

95.    The Fourth Amendment to the U.S. Constitution requires that people arrested without a warrant receive a probable cause hearing within 48 hours following arrest, unless there is a bona fide emergency or other extraordinary circumstance.

96.    Defendant City of Corinth maintains a policy, practice, or custom of holding municipal court once per week and of delaying the initial appearance and probable cause hearings in misdemeanor and municipal offense cases until the next available court date.

97.    Defendant City of Corinth's policies, practices, and customs are the moving force behind the violation of Plaintiff's and the Proposed Probable Cause Hearing Class's constitutional rights.

21

98.     Defendants violate Mr. Brown's and the Proposed Probable Cause Hearing Class's rights under the Fourth Amendment by failing to conduct a probable cause hearing within 48 hours following arrest.

## THIRD CLAIM FOR RELIEF

### Fourteenth Amendment to the Constitution
### (Due Process and Equal Protection)

***Plaintiff Brian Keith Howell and the Proposed Pay-or-Stay Class***
***versus Defendant Ross in his Official Capacity***

99.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100.    The Fourteenth Amendment's Due Process and Equal Protection Clauses prohibit jailing persons who are unable to pay court-imposed fines without a judicial determination that the person has an ability to pay and willfully refused to pay.

101.    Defendant Ross violates Plaintiff Howell's and the Proposed Pay-or-Stay Class's rights under the Fourteenth Amendment by jailing persons who are unable to pay court-imposed fines and court costs without a judicial determination that the person has an ability to pay and willfully refused to pay.

## FOURTH CLAIM FOR RELIEF

### Sixth & Fourteenth Amendments to the Constitution
### (Right to Counsel & Due Process)

***Plaintiff Brian Keith Howell and the Proposed Pay-or-Stay Class***
***versus Defendant Ross in his Official Capacity***

102.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

103. The Sixth and Fourteenth Amendments require Defendant Ross to appoint counsel or provide adequate alternative safeguards before jailing a person for non-payment.

104. The Sixth Amendment requires Defendant Ross to provide counsel at every critical stage of criminal proceedings when the case results in a jail or prison sentence.

105. Defendant Ross violates Plaintiff Howell's and the Proposed Pay-or-Stay Class's rights under the Sixth and Fourteenth Amendments by jailing them for non-payment without appointing counsel or providing adequate alternative safeguards.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a. That the Court assume jurisdiction over this action;

b. Certification of a class referred to above as the Bail Class, under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, represented by Mr. Brown, related to Claim One;

c. Certification of a class referred to above as the Probable Cause Hearing Class, under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, represented by Mr. Brown, related to Claim Two;

d. Certification of a class referred to above as the Pay-or-Stay Class, under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, represented by Mr. Howell, related to Claims Three and Four;

e. A declaration that Defendant City of Corinth and Defendant Ross violate Plaintiff Brown's and the Bail Class members' rights under the Fourteenth Amendment by setting secured financial conditions of release without inquiry into or findings

concerning their ability to pay, or meaningful consideration of alternative non-financial conditions of release;

f.    An order and judgment preliminarily and permanently enjoining Defendant City of Corinth from prospectively detaining Plaintiff Brown and the Bail Class members solely because they cannot afford to pay secured money bail and without any inquiry into their ability to pay and consideration of alternative non-financial conditions of release;

g.    A declaration that Defendant City of Corinth violates Plaintiff Brown's and the Probable Cause Hearing Class members' rights under the Fourth Amendment by failing to conduct a timely probable cause hearing;

h.    An order and judgment preliminary and permanently requiring Defendant City of Corinth to comply with the constitutional requirement that people arrested without a warrant must receive a probable cause determination by a judicial officer without unnecessary delay, and no later than 48 hours after arrest;

i.    A declaration that Defendant Ross violates Plaintiff Howell's and the Pay-or-Stay Class members' rights under the Fourteenth Amendment by jailing those who are unable to immediately pay their fine or make the required down-payment without any inquiry into willfulness or ability to pay;

j.    A declaration that Defendant Ross violates Plaintiff Howell's and the Pay-or-Stay Class members' rights under the Sixth and Fourteenth Amendments by failing to appoint counsel or provide adequate alternative safeguards before jailing a person for non-payment;

k.    An award of prevailing party costs, including attorney fees; and

l.    Such other relief as the Court deems just and appropriate.

Dated December 5, 2017.                    Respectfully submitted,

                                           J. Cliff Johnson, II
                                           *On behalf of Attorneys for Plaintiffs*

Jacob W. Howard, MSB #103256               J. Cliff Johnson, II, MSB #9383
MACARTHUR JUSTICE CENTER                   MACARTHUR JUSTICE CENTER
767 North Congress Street                  P.O. Box 1848
Jackson, Mississippi 39202                 University, Mississippi 38677-1848
P: 601-969-0802 x 204                      P: 602-915-7629
F: 601-969-0804                            E: cjohnson@macarthurjustice.org
E: jhoward@macarthurjustice.org

Samuel Brooke, MSB #105372                 Jody Owens, II, MSB #102333
Micah West, Ala. Bar No. ASB-1842-J82F*    Elissa Johnson, MSB #103852
Alexandra Jordan, Cal. Bar No. 313940*     SOUTHERN POVERTY LAW CENTER
SOUTHERN POVERTY LAW CENTER                111 East Capitol Street, Suite 280
400 Washington Avenue                      Jackson, Mississippi 39201
Montgomery, Alabama 36104                  P: 601-948-8882
P: 334-956-8200                            F: 601-948-8885
F: 334-956-8481                            E: jody.owens@splcenter.org
E: samuel.brooke@splcenter.org             E: elissa.johnson@splcenter.org
E: micah.west@splcenter.org
E: alexandra.jordan@splcenter.org          **Attorneys for Plaintiffs**
                                           *pro hac vice application forthcoming*