Exhibit A

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| SAMMY BROWN, on behalf of himself and all others similarly situated, and<br><br>BRIAN KEITH HOWELL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CORINTH, and<br><br>JOHN C. ROSS, in his official capacity as the Municipal Court Judge of the Corinth Municipal Court,<br><br>Defendants. | Case No. 1:17-cv-00204-DMB-DAS<br><br>(Class Action) |

## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement (hereinafter "Agreement") is made by and among the City of Corinth and Judge John C. Ross ("Ross") ("Defendants") and Sammy Brown ("Brown") and Brian Keith Howell ("Howell") (hereinafter collectively "Plaintiffs") on behalf of themselves and each of their respective heirs, successors, and assigns. Defendants and Plaintiffs are collectively, from time to time, referred to hereinafter as the "Parties."

WHEREAS, Plaintiffs filed a Complaint on December 5, 2017 in the United States District Court for the Northern District of Mississippi, commencing a proposed class action lawsuit entitled, *Brown*, et al., *v. City of Corinth*, et al., Civil Action No. 1:17-cv-00204 (the "Lawsuit") against Defendants, which seeks declaratory and injunctive relief, and alleges violations of Plaintiffs' rights to due process and equal protection of the law under the Fourth,

**Exhibit A**

Fourteenth, and Sixth Amendments to the U.S. Constitution as a result of Defendants' policies, practices, and customs;

WHEREAS, Defendants expressly deny any liability, fault, wrongdoing, or responsibility for any of the claims in the Lawsuit;

WHEREAS, it is the desire of the Parties to resolve all disputes as between and among them to settle the Lawsuit;

WHEREAS, Plaintiffs agree to dismiss the Lawsuit against Defendants according to the terms and conditions set forth in this Agreement; and

WHEREAS, the dismissal of the Lawsuit will only become effective upon the Court's retention of its limited jurisdiction over the Lawsuit for three (3) years from the date of the Court's approval to enforce the terms of this Agreement;

NOW, THEREFORE, Defendants agree to the entry of a declaratory judgment by the Court, as set forth below:

> The use of a secured bail schedule to set the conditions for release of a person in custody after arrest for an offense that may be prosecuted by the City of Corinth implicates the protections of the Equal Protection Clause when such a schedule is applied to the indigent. No person may, consistent with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, be held in custody after an arrest because the person is too poor to post a monetary bond. If the government generally offers prompt release from custody after arrest upon posting a bond pursuant to a schedule, it cannot deny prompt release from custody to a person because the person is financially incapable of posting such a bond. *See Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978) (en banc); *Lee v. Lawson*, 375 So. 2d 1019, 1023 (Miss. 1979); *Thompson v. Moss Point*, No. 1:15CV182, 2015 WL 10322003 (S.D. Miss. Nov. 6, 2015) (issuing Declaratory Judgment).

> Any person subjected to a warrantless arrest and held in jail must receive a probable cause determination by a judicial officer without "unreasonable delay." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). As a rule, this probable cause determination must be made "within 48 hours" of arrest, unless there is "a bona fide emergency or other extraordinary circumstance." *Id.* at 57; *see also Powell v. Nevada*, 511 U.S. 79, 80 (1994).

Exhibit A – Page 2

**Exhibit A**

It violates the Constitution to incarcerate an individual, either before or after trial, solely because an individual does not have the ability to make a monetary payment. *See Bearden v. Georgia*, 461 U.S. 660 (1983); *Cassibry v. State*, 453 So. 2d 1298 (Miss. 1984); *Thompson v. Moss Point*, No. 1:15CV182, 2015 WL 10322003 (S.D. Miss. Nov. 6, 2015). Based upon this constitutional principle, no individual may be held in jail for nonpayment of fines, fees, and/or costs imposed by a court without a determination, following a meaningful inquiry into the individual's ability to pay, that the individual willfully refuses or willfully failed to make payment. The meaningful inquiry into the individual's ability to pay includes, but is not limited to, notice, an opportunity to present evidence, and the assistance of appointed counsel.

FURTHERMORE, in consideration of the promises and mutual covenants herein contained, and other good and valuable consideration passing between the Parties, and intending to be legally bound hereby, it is agreed:

### A. COURT'S PROCEDURES

1. Defendant shall implement the procedures contained in the Corinth Municipal Court Procedures for Appointment of Counsel, Bail, Fines and Court Costs, and Community Service ("Procedures"),[1] and made part of this Agreement.

2. The clerk and/or a deputy clerk may implement the Procedures, except for those actions that the Mississippi Rules of Criminal Procedure, state or federal law, or the Procedures require that the judge perform.

### B. DURATION OF AGREEMENT

1. Defendants agree to not make any changes to the attached Corinth Municipal Court Procedures without prior written approval of Plaintiff's Counsel during the first three (3) years. The parties agree to confer in good faith regarding proposed changes. Defendants agree that they will not make unreasonable requests for changes, and Plaintiffs agree that consent will not be unreasonably withheld.

---

[1] Attached as Exhibit B to the Joint Motion.

Exhibit A – Page 3

**Exhibit A**

2. This Agreement is contingent upon the agreement of the United States District Court for the Northern District of Mississippi to retain jurisdiction to enforce the provisions of this Agreement for a period of three (3) years. If the Court declines to retain jurisdiction, the Agreement will be void.

### C. MONITORING AND SETTLEMENT COMPLIANCE

1. Defendant shall notify Plaintiffs' counsel by email by close of the next business day of any Municipal Court defendant being placed in jail for nonpayment or contempt for nonperformance of community service or any other alternative to payment. Said notification shall be provided to Plaintiffs at the following email addresses: cjohnson@macarthurjustice.org and EJPSettlements@splcenter.org. The notification will include the defendant's name, the date of the order jailing the defendant, and the Affidavit of Substantial Hardship form. If specifically requested, minute entries will be provided once they are prepared. The responsibility for providing said notifications shall last for a total period of three-hundred-sixty-five (365) days from the date this Court enters an order granting the "Joint Motion to Approve the Stipulated Settlement Agreement."

### D. PRE-EXISTING PAYMENT PLANS

1. Following the entry of this Agreement, the Court shall modify any existing payment or community service plans to fit the procedures outlined in this Agreement at the next scheduled court date at which the defendant appears. The Court shall provide notice of its intention to modify any existing payment or community service plan by posting a flyer on the front door of the Corinth Municipal Court and the Clerk's office, and by

**Exhibit A**

explaining to the defendant its intention to modify any existing payment or community service plan at their next scheduled court hearing.

### E. DISSEMINATION OF PROCEDURES AND TRAINING

1. Within thirty (30) days of the approval of this Agreement by the United States District Court for the Northern District of Mississippi, Defendants shall publish and disseminate this Agreement to all personnel involved in the imposition and/or collection of fines, court costs, restitution, or other fees imposed by the Municipal Court, including clerks, public defenders, prosecutors, police officers, sheriff's deputies, and jail staff. This publication and dissemination shall include prominent placement of this Agreement in the Municipal Court and Alcorn County Regional Correctional Facility, and on the City of Corinth website.

2. Within thirty (30) days after Defendants publish and disseminate this Agreement, Defendants shall provide training about this Agreement to all personnel involved in the imposition and/or collection of bail, fines, court costs, restitution, or other fees imposed by the Municipal Court, including clerks, public defenders, prosecutors, police officers, sheriff's deputies, and jail staff.

3. During the initial 24 months following entry of this Agreement, counsel for the Parties agree to meet in person at least once every three months to discuss implementation of this Agreement and compliance therewith. Counsel for the Parties agree further that they will meet in person to discuss any disagreements they may have regarding the need for modification of the Agreement prior to either party filing any motion to modify it.

**Exhibit A**

### F. ATTORNEYS' FEES AND EXPENSES

1. Each Party shall be responsible for his or her own attorneys' fees and expenses in connection with the Lawsuit.

### G. DISMISSAL OF LAWSUIT

1. The Parties shall file with the Court within 10 days of the execution of this Agreement a Joint Motion to Approve Stipulated Settlement Agreement, Retain Jurisdiction to Enforce the Agreement, and Dismiss Pursuant to Rule 41(a)(1)(A)(ii), as agreed upon by the Parties.

### H. MUTUAL RELEASES

1. **By Plaintiffs**: Except for any violations that arise from a breach of this Agreement, Plaintiffs, on their behalves and on behalf of their successors, heirs, and assigns, hereby release, remise, and forever discharge Defendants Ross and the City of Corinth and their successors, heirs, and assigns, from all claims, suits, actions, charges, demands, damages, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the facts giving rise to the Lawsuit.

2. **By Defendants**: Except for any violations that arise from a breach of this Agreement, Judge Ross and the City of Corinth, on their behalf and on behalf of their successors, heirs, and assigns, release, remise, and forever discharge Plaintiffs and their successors, heirs, and assigns from all claims, suits, actions, charges, demands, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the Lawsuit.

**Exhibit A**

I. **MISCELLANEOUS**

1. This Agreement will be binding upon and will inure to the benefit of the Parties and their heirs and assigns.

2. No amendments of this Agreement will be valid unless made in writing and signed by all of the Parties.

3. This Agreement may be executed in duplicate counterparts, each of which will be deemed an original, with the same effect as if the signatures thereto were on the same instrument. Each signatory to the Agreement may execute this agreement by telefax or email of a scanned copy of the signature page, which shall have the same force and effect as if executed on an original copy.

4. The Parties further agree to cooperate fully and to execute any and all supplementary documents that the Parties jointly agree are necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

5. The Parties represent and warrant that they are not relying on the advice of any other Party, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Agreement; that they have not relied on any representations or statements, written or oral, of any other Party, except insofar as those representations or statements are set forth in this Agreement; and that they are knowingly and voluntarily signing this Agreement and are not subject to duress, coercion, or undue influence by any other Party or by anyone else.

6. The Parties understand that they have the right to obtain legal counsel to review and evaluate this Agreement, and attest that they have done so or else have agreed to waive this right.

**Exhibit A**

7. If, after the date hereof, any provision of this Agreement is held to be illegal, invalid, or unenforceable, the remaining provisions shall continue in full force and effect.

8. It is the intent of the Parties that no part of this Agreement is to be presumptively construed either against or in favor of any signatory because of the identity of the drafter.

9. Paragraph headings contained herein are for purposes of organization only and do not constitute a part of this Agreement.

10. Any communications or notices to be provided to legal counsel for the Parties pursuant to this Agreement will be sent in writing via email or addressed, via commercial overnight delivery service, to the attention of the persons identified below (or as the signatories may subsequently direct in writing):

<u>Plaintiffs' Counsel:</u>

Cliff Johnson
ATTN: Brown v. City of Corinth
Roderick & Solange MacArthur Justice Center
The University of Mississippi School of Law
P.O. Box 1848
Robert C. Khayat Law Center
University, MS 38677
Telephone: (662) 915-6863
Fax: (662) 915-6933
Email: cjohnson@macarthurjustice.org

Deputy Legal Director—EJP
ATTN: Brown v. City of Corinth
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
Telephone: (888) 414-7752
Fax: (334) 956-8481
Email: EJPSettlements@splcenter.org

<u>Defendants' Counsel:</u>

Wendell H. Trapp, Jr.
Mitchell McNutt & Sams, PA

**Exhibit A**

        508 East Waldron Street
        P.O. Box 1200
        Corinth, MS 38834
        Telephone:   (662) 286-9931
        Fax:   (662) 286-8984
        Email:   wtrapp@mitchellmcnutt.com

11. This Agreement, including the referenced attachments, exhibits, and forms to the Agreement, constitutes the entire agreement and understanding between and among the Parties with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations of the Parties.

**SIGNATURE PAGE FOLLOWS**

**Exhibit A**

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their own signature or by their duly authorized representatives.

SAMMY BROWN

*/s/ Sammy Brown/*
Date 4/20/2018

BRIAN KEITH HOWELL

*/s/ Brian Howell/*
Date April 20, 18

CLIFF JOHNSON, counsel for Plaintiffs

*/s/ Cliff Johnson/*
Date 4/23/18

WENDELL H. TRAPP, JR., counsel for Defendants

*/s/ Wendell H. Trapp, Jr./*
Date April 13, 2018

SAM BROOKE, counsel for Plaintiffs

*/s/ Sam Brooke/*
Date 4/23/18