Exhibit B

## Corinth Municipal Court Procedures for Appointment of Counsel, Bail, Fines and Court Costs, and Community Service

### BASIC PREMISES

1. The City of Corinth ("City") will not use secured money bail for any offense that the City may prosecute in the Corinth Municipal Court ("Court"), subject to the exceptions expressly made herein in paragraph 15, below.

2. The Court will hold an initial appearance within forty-eight (48) hours after arrest for any person who is not released on their own recognizance or on unsecured bail.

3. The judge may not make release from jail contingent upon paying a fine, restitution, fees, or court costs unless the judge makes written findings that the person has the ability to immediately pay the monetary assessment at a hearing in which the defendant is represented by counsel or has knowingly and voluntarily waived the right to counsel pursuant to the process set forth in MRCrP 7.1(c).

4. No defendant will be incarcerated solely because of the inability to pay any monetary assessment, including fines, fees, court costs, restitution, or money bail.

5. The judge will evaluate a defendant for indigency prior to imposing a monetary assessment. A defendant will be considered presumptively indigent if she (i) receives public assistance, under programs such as the Supplemental Nutrition Assistance Program (also known as food stamps), Temporary Assistance for Needy Families, or Medicaid; (ii) receives Disability Insurance; (iii) resides in public housing; or (iv) earns less than 125 percent of the current Federal Poverty Guidelines. The judge will not consider the fact that the defendant has been released on bond, or the financial ability of friends or relatives not legally responsible for the defendant. The judge will also not consider up to $10,000 in tangible personal property (including motor vehicles, household goods, cash on hand, etc.) or any other assets or monies exempted from seizure under execution or attachment by Miss. Code Ann. § 85-3-1.

6. An indigent defendant will be given the option of satisfying any monetary assessments through either a payment or community service plan. No defendant will be charged an additional fee or court costs for participation in a payment or community service plan.

7. The payment an indigent defendant will be required to pay on a payment plan will not exceed $25.00 per month.

8. A non-indigent defendant unable to pay the monetary assessment in full at sentencing will be given a payment plan based on their ability to make monthly payments.

**Exhibit B**

9. The Court will make available at least two community service options which defendants can choose between to perform community service. These options must accommodate people with physical or mental disabilities and school, work, or caretaking obligations. The judge will not impose more than the lesser of either (a) 40 hours of community service for each offense, or (b) the amount of the monetary assessments divided by the current Federal Minimum Wage (i.e. $7.25 per hour). The judge will also not require a defendant to perform more than 12 hours of community service per month. If a defendant on a payment or community service plan fails on two occasions to make the required monthly payment or to perform the required community service, the Court may then personally serve a summons on the defendant in accordance with MRCrP 26.6(d) that directs them to appear at the Court for a show cause hearing. No person shall be detained or incarcerated at the time such written notice is served.

10. If counsel has not already been appointed or retained, the judge will appoint counsel prior to any Show Cause hearing to determine whether the defendant should be held in contempt of court for nonpayment or failure to perform community service. At this hearing, the judge will make a written determination whether the defendant willfully failed to make a monthly payment or to perform community service. The judge may impose graduated sanctions not to exceed two (2) days in jail for the first finding of willful non-compliance and six (6) days for the second finding of willful non-compliance. Upon a third finding of willful non-compliance, the judge may incarcerate a defendant for one day for each $100 of outstanding debt. The Court will give the defendant credit in the amount of this rate for each day of incarceration imposed as a graduated sanction. The Court will also give any defendant who performed some, but not all, of the community service ordered credit toward the underlying monetary assessment in the amount of the current federal minimum wage for each hour of community service performed.

11. The judge may not incarcerate any defendant that <u>did not</u> willfully fail to pay or perform community service.

**Exhibit B**

## CORINTH MUNICIPAL COURT PROCEDURES FOR APPOINTMENT OF COUNSEL, BAIL, FINES, COURT COSTS, AND COMMUNITY SERVICE

12. No defendant will be incarcerated solely because of the inability to pay any fines, fees, court costs, restitution, or money bail ("monetary assessment").

13. The Corinth Municipal Court ("Court") may not make release from jail contingent upon paying a monetary assessment unless the Municipal Court judge ("judge") makes written findings that the person can pay the monetary assessment at a hearing in which the defendant is represented by counsel or has knowingly and voluntarily waived the right to counsel pursuant to the process set forth in MRCrP 7.1(c).

### Bail

14. The City of Corinth ("City") will not use secured money bail for persons in the custody of the City or the Alcorn County Correctional Facility ("jail") for any misdemeanor or municipal offense that the City may prosecute, subject to the exceptions in paragraph 15 below.

15. Defendants charged with domestic violence, assault with a deadly weapon, or who make a direct threat against the safety of another may be detained without bond for the purpose of conducting an initial appearance within 48 hours of arrest. At the initial appearance, such defendants shall be represented by counsel, and the Court shall undertake the evidentiary inquiry described in Rule 8.2 of the Mississippi Rules of Criminal Procedure. Secured money bail shall not be imposed unless the prosecution proves by clear and convincing evidence that no other condition, or combination of conditions, will reasonably assure the defendant's appearance or that money bail is necessary in order to protect the safety of the community. The Court shall issue a written order setting forth the conditions of release and the factual and legal bases therefor. Should money bail be imposed in any such case, counsel for Defendants shall provide a copy of the Court's written order to counsel for the Plaintiff's within 48 hours of the initial appearance.

16. Except as set forth in paragraph 15, above, and the offenses enumerated in paragraph 17 below, all persons arrested—with or without a warrant—for any municipal or misdemeanor offense will be released on their personal recognizance as soon as practicable after arrest, subject to the mandatory release conditions set forth in MRCrP 8.4.[1] If the person has failed to appear on two or more occasions in the last two years, such person also shall be released as soon as practicable after arrest, but an unsecured appearance bond in an amount not to exceed $1,000 may be imposed.[2]

17. Persons arrested who appear to be incapacitated or intoxicated may be held in custody up to four (4) hours or until their blood alcohol content (BAC) is .04 or less before being

---

[1] Attached as Form 1.
[2] Attached as Form 2.

Exhibit B

released on their personal recognizance, subject to the mandatory release conditions set forth in MRCrP 8.4.

18. In the event an individual fails to appear for a scheduled court appearance, the Court shall do one of the following:

    a. <u>Upon First Failure to Appear.</u> Upon the first failure to appear, the Court shall reschedule the court date and mail the defendant a summons via First Class United States Mail for the new court date at the defendant's last known address.

    b. <u>Upon a Second or Subsequent Failure to Appear.</u> A warrant may be issued for the arrest of any person who fails to appear for a second (or subsequent) scheduled court appearance, or if for any reason a summons cannot be served or delivered (i.e., a return of no service). Within 48 hours of being detained for an alleged failure to appear or failure to comply with the conditions of the bond, the person shall be offered an opportunity to demonstrate good cause for the failure to appear or non-compliance, or to rebut the allegations against them, at a hearing, in person or telephonic, before the judge. The Court shall appoint counsel to represent an indigent defendant at this hearing, if the defendant has not previously retained counsel. If no hearing is held within 48 hours of the person's detention, the person shall be released with a summons to appear before the judge on a specified date.

    If the judge finds by a preponderance of the evidence at this hearing that a person previously released on their own recognizance <u>willfully</u> failed to appear or violated one or more of the conditions of release <u>without</u> good cause, the person's bond may be revoked and they may be detained until their case reaches disposition. The Court may also release the person subject to any reasonable non-financial conditions, including unsecured bond. If the person had been previously released on an unsecured appearance bond, the person will be eligible for release upon payment of the amount set forth in the unsecured appearance bond unless the Court determines that release is appropriate without such payment.

<u>Probable Cause</u>

19. If a person is arrested and is not released on their own recognizance or an unsecured bond, the Court shall hold an initial appearance hearing no later than forty-eight (48) hours after arrest. If the arrestee is not taken before the Court within forty-eight (48) hours, the person detained shall be released on execution of an unsecured appearance bond.

20. At the initial appearance, the judge shall determine whether there was probable cause for the arrest—if the arrest was without a warrant—and note the probable cause determination for the record. If there was no probable cause for the arrest, the defendant shall be released and the charge(s) dismissed. If probable cause exists, the judge shall (1)

**Exhibit B**

ascertain the defendant's name, age, and address, and instruct the defendant to notify the court of any change of address; (2) inform the defendant of the charges and provide the defendant with a copy of the charging affidavit; (3) if the defendant is unrepresented, advise the defendant of the right to the assistance of an attorney, and that if the defendant is unable to afford an attorney, an attorney will be appointed as required by law unless the defendant knowingly and voluntarily waives the right to counsel pursuant to the process set forth in MRCrP 7.1(c); and (4) advise the defendant of the right to remain silent and that any statements made may be used against the defendant but that the defendant may choose to make statements at his peril should he freely and voluntarily choose to do so; the right to communicate with an attorney, family or friends; and the conditions under which the defendant may obtain release.

## MONETARY ASSESSMENTS

21. <u>Indigency Inquiry.</u> The judge will conduct an individualized inquiry into the defendant's ability to pay when a defendant is adjudicated guilty, by plea or by trial, for an offense for which the judge intends to impose a monetary assessment.

22. The judge will determine whether a defendant charged with an offense is indigent prior to imposing a monetary assessment based on the information contained in the Mississippi Judicial College's Affidavit of Substantial Hardship form unless the defendant signs a form indicating that they do not want to complete the form.[3] The Court will make this form available to all defendants thirty minutes prior to the start of each court session and will advise every defendant of the availability and purpose of the form. The Court will also offer the defendant the assistance of a public defender when completing the form.

   a. Any fine imposed shall be proportionate to the defendant's ability to pay. The judge shall not assess any <u>discretionary</u> costs or fees on a defendant who meets the objective definition of indigence provided in paragraph 11(c) below.

   b. In making a determination of indigency, the judge will consider the defendant's income and sources of income; employment status; real or personal property owned; outstanding financial obligations; and the number and age(s) of any dependent(s). The judge will not consider the fact that the defendant has been released on bond, or the financial ability of friends or relatives not legally responsible for the defendant. The judge will also not consider up to $10,000 in tangible personal property (including motor vehicles, household goods, cash on hand, etc.) or any other assets or monies exempted from seizure under execution or attachment by Miss. Code Ann. § 85-3-1.

   c. A defendant will be considered presumptively indigent if they receive public assistance from programs such as the Supplemental Nutritional Assistance

---

[3] Attached as Form 3. The judge shall still conduct an indigency determination if a defendant elects not to complete the Affidavit of Substantial Hardship and the defendant cannot pay their monetary assessment in full that day.

**Exhibit B**

Program (i.e., food stamps), Temporary Assistance for Needy Families, Medicaid, Disability Insurance, or if they reside in public housing or earn less than 125 percent of the current Federal Poverty Guidelines. If the judge determines that a defendant is not indigent, the case file shall include a written explanation why the defendant is not indigent.

23. If the judge imposes a monetary assessment, the judge shall ask the defendant if they can afford to pay the full amount that same day. If the defendant states that they are able to pay the full amount that same day, the defendant will be informed how to make the payment. Following payment of the full amount owed, the defendant will receive a receipt confirming that the judgment has been satisfied; a copy of the receipt will be placed in the court file; and the case will be closed.

24. If the defendant states that they are unable to pay the full amount of the monetary assessment on the day it is imposed, the judge shall consider the information in the defendant's financial hardship form in determining a reasonable time and method of payment or alternative to payment.

   a. <u>Payment Options for Indigent Defendants.</u> If the judge determines that the defendant is indigent, the defendant will be given the following options, which the judge will reduce to a written order: (1) the defendant may elect to make payments on a payment plan; or (2) the defendant may elect to perform community service. The judge will also explain the terms of the plan to the defendant in open court and ensure that the defendant understands the terms of the payment or community service plan. Under no circumstances will a person be charged additional court costs or fees for participation in a payment plan or community service, including late fees.

      i. <u>Payment Plan.</u> If an indigent defendant elects to make payments on a payment plan, the judge will not order a monthly payment in excess of $25.00 per month—though the defendant may make a payment in excess of the monthly payment ordered. The judge may inform the defendant of the opportunity to make additional voluntary payments, but the judge may not suggest that a defendant is in any way expected or obligated to make such additional voluntary payments. The defendant will be expected to make a payment each month, with cash or money order, at the clerk's office.

      ii. <u>Community Service.</u> If the indigent defendant elects to satisfy a monetary assessment by performing community service, the judge will order the defendant to perform a specific number of community service hours. The judge will not impose more than the lesser of either (a) 40 hours of community service for each offense, or (b) the amount of the monetary assessments divided by the current Federal Minimum Wage (i.e. $7.25 per hour). The Court will also not require a defendant to perform more than 12 hours of community service per month—though a defendant can

Exhibit B

choose to complete more hours than required. Any defendant who performs more than the minimum number of community service hours required per month will be given credit toward the total number of community service hours required. The defendant will be expected to provide proof of completion of community service at the clerk's office each month.

Upon completion of the ordered community service hours, the Court shall note that the defendant's monetary assessments have been satisfied, including all fines, fees, court costs, and restitution. *See* Miss. Code Ann. §§ 99-19-20, 99-37-11.

The Court shall have available at least two community service options—including a sedentary option—where defendants can choose to perform community service. These options must provide reasonable accommodations such that qualified individuals with disabilities may participate. *See* Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12131 *et seq*. The Court will also have available at least one community service option that includes evening and weekend hours to accommodate people with school, work, or caretaking obligations. If approved by the judge, a defendant may also satisfy any community service requirement by completing drug, alcohol, or mental health treatment or GED or other educational classes.

If ordered to complete community service, the Court shall provide to the defendant in writing the address to which a defendant must first report for community service and the telephone number of the community service contact person.

b. <u>Payment Options for non-indigent defendants.</u> If the judge determines that the defendant is non-indigent, but is unable to pay the monetary assessment in full at sentencing, the defendant will be given a payment plan. The judge will determine the amount that the defendant can afford to pay each month based on the defendant's answers to the questions in the Affidavit of Substantial Hardship, and as further clarified by answers to any questions that the judge asks at the hearing. The procedures for payment plans will otherwise mirror paragraph 24(a)(i) above.

25. The Court will record the mailing address and telephone number of any person placed on a payment or community service plan and will include this information in the defendant's case file. The Court will also provide the defendant with a written copy of the sentencing order created by the Mississippi Judicial College, which shall explain the terms of any payment or community service plan.[4] The Judge, Court Clerk, or Court Clerk personnel may rely upon the address provided by a defendant as being the defendant's correct and

---

[4] Attached as Form 4.

Exhibit B

proper address unless and until that defendant has notified the Court in writing to the contrary with regard to any mailing or notice to a defendant.

26. <u>Show Cause Hearing.</u> If a defendant on a payment or community service plan fails on two occasions to make the required monthly payment or to perform the required community service, the Court may personally serve a summons on the defendant in accordance with MRCrP 26.6(d) that directs the defendant to appear at the Corinth Municipal Court on a date certain for a hearing at which they will be required to show cause why they should not be held in contempt for failing to comply with the terms of the plan. No person shall be detained or incarcerated at the time such written notice is served. The written notice shall inform the defendant that failure to appear as instructed may result in the issuance of a warrant for the defendant's arrest.[5] The public defender shall represent any indigent defendant at the show cause hearing who has not retained private counsel.

If, following a hearing at which the defendant is present and represented by a public defender (or retained counsel), the judge makes written findings that a defendant has <u>willfully</u> failed to make a monthly payment(s) or <u>willfully</u> failed to perform community service hours, the judge may:

    a. Warn the defendant that continued <u>willful</u> failure to comply with the terms of the payment or community service plan may result in their incarceration and give the defendant additional time to pay; and/or

    b. Modify the terms of the defendant's payment or community service plan to enable the defendant to comply with the plan; and/or

    c. Incarcerate the defendant at the jail for up to two (2) days for the <u>first</u> finding of <u>willful</u> failure to comply with the terms of their payment or community service plan; or

    d. Incarcerate the defendant at the jail for up to six (6) days for the <u>second</u> finding of <u>willful</u> failure to comply with the terms of their payment or community service plan; or

    e. Incarcerate the defendant for one day for each $100 of the outstanding debt at the jail for the third finding of <u>willful</u> failure to comply with the terms of their payment or community service plan.

The Court will give the defendant credit in the amount of $100 for each day of incarceration. The Court will also give any defendant who performed some, but not all, of the community service ordered credit toward the underlying monetary assessment in the amount of the current federal minimum wage for each hour of community service performed. A defendant's aggregate term of incarceration for any failure(s) to comply

---

[5] Attached as Forms 5–8.

**Exhibit B**

with a payment or community service plan related to that conviction may not exceed the maximum term of incarceration authorized by statute for the underlying offense. *See* Miss. Code Ann. § 99-19-20(2)(b). A copy of any written findings that a defendant willfully failed to comply with the terms of the payment or community service plan shall be provided to the defendant and placed in the court file.

27. If a defendant is incarcerated for a willful failure to comply with the terms of a payment or community service plan pursuant to paragraph 26, above, the defendant shall be released immediately upon payment of the outstanding monetary assessments.

28. If, at any time, the judge concludes that a defendant is unable to comply with the terms of a payment or community service plan due to indigence and/or disability, the judge may reduce, modify, or remit the monetary assessment or order to perform community service in whole or in part pursuant to Miss. Code Ann. § 99-37-11, except where prohibited by state law. If the entire amount of the monetary assessment is revoked, the case will be closed.

29. When a defendant has satisfied their debt in a particular case either through completion of a payment or community service plan, the defendant will receive a receipt showing that the judgment has been satisfied (a copy of which will be placed in the court file), and the case will be closed. The receipt shall include the defendant's name, the case number(s), and the date the judgment was satisfied.

30. No person shall be arrested or incarcerated pursuant to existing warrants for alleged unpaid monetary assessments. Any person with such an outstanding warrant who is stopped or otherwise detained by law enforcement shall be given a summons that sets forth in writing the date and time when that person is to appear in Court to be placed on a payment or community service plan that complies with the terms of this Agreement. The Court shall follow the procedures set forth in Paragraph 18, above, if a person is issued a summons and fails to appear as instructed.

31. The Court shall forgive any remaining court debt at a rate of $100 per day for any person previously incarcerated for failing to pay any monetary assessment.[6] The Court shall post a notice at the clerk's office stating that all persons previously incarcerated for non-payment in a case in which they still have outstanding unpaid fines, fees, restitution, or court costs are entitled to receive additional credit for each day of their prior incarceration. If the total amount of forgiveness is equal to or greater than the amount owed, the City will provide a receipt to the defendant indicating that the indebtedness has been paid in full and the person's case(s) will be closed. A copy of this receipt will be placed in the case file.

---

[6] Credit for $100 for each day of incarceration shall be the gross amount of credit provided. Thus, any defendant with outstanding, unpaid monetary assessments who received credit at the rate of $25 per day shall receive an additional $75 credit for each day of previous incarceration, unless state law requires a higher rate of credit.

**Exhibit B**

**Exhibit B – Form 1**

### IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI

**CITY OF CORINTH, MISSISSIPPI** versus

**DEFENDANT:** _____.

Case # _____. Docket # _____. Page # _____.

### RECOGNIZANCE BOND

I, _____, the DEFENDANT in the above-styled case, having been arrested for

_____,

agree to comply with all orders of this court, and to appear in Corinth Municipal Court on the ____ day of

_____, 20____. I further agree that this bond may be forfeited if

◻     I commit any crime while released on this bond;

◻     I fail to surrender to serve a sentence that the court may impose if I am convicted; or

◻     I fail to comply with any additional conditions of my release, that the court has found reasonably necessary to

secure my appearance or protect the public and as set forth herein:

_____

_____

_____

I further agree to promptly notify the court of any change of address and meet with my public defender or retained

attorney, as directed.

_____
DEFENDANT

Sworn to and subscribed before me this the ____ day of _____, 20____.

_____
MUNICIPAL COURT CLERK / D.C.

**Exhibit B – Form 2**

## IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI

**CITY OF CORINTH, MISSISSIPPI versus**

**DEFENDANT:** _____.

Case # _____. Docket # _____. Page # _____.

### UNSECURED APPEARANCE BOND

I, _____, the DEFENDANT in the above-styled case, agree to pay the City of

CORINTH, Mississippi, the amount of $ _____, unless:

☐ I shall appear at the next term of the Circuit Court of _____ County, which address is

  _____,

  and there remain from day to day and term to term until discharged by law, to answer the charge in the

  above-styled case.

☐ I shall appear before the Municipal Court of _____, Mississippi, which address is

  _____,

  on the _____ day of _____, 20 _____ at _____ o'clock _____ m., and there remain from day to day

  and term to term until discharged by law, to answer the charge in the above-styled case.

          _____

          DEFENDANT

Sworn to and subscribed before me this the _____ day of _____, 20____.

          _____

          MUNICIPAL COURT CLERK / D.C.

**Exhibit B – Form 3**

### IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI

**CITY OF CORINTH, MISSISSIPPI versus**

DEFENDANT: _____.

Case # _____. Docket # _____. Page # _____.

### AFFIDAVIT OF SUBSTANTIAL FINANCIAL HARDSHIP

#### I.      GENERAL INFORMATION

Full name: _____. Date of birth: _____.

Mailing address: _____.

Physical address, if different from mailing address: _____.

Last four digits of SSN: _____. Driver's license number: _____.

Telephone number(s): _____. Email address: _____.

Number and ages of dependents: _____. Are you currently employed?  o Yes   o No

If yes, then provide the following information:  Employer: _____.

Business address and telephone number: _____. Job title or description: _____.

#### II.      FINANCIAL PUBLIC ASSISTANCE

Check the box(es) for which you, or members of your household, receive financial public assistance:

o      Aid to Families with Dependent Children (AFDC)
o      Supplemental Nutrition Assistance Program (SNAP) (e.g., food stamps)
o      Temporary Assistance for Needy Families (TANF)
o      Supplemental Security Income (SSI)
o      Social Security Disability Insurance (SSDI)
o      VA Disability Compensation
o      Medicaid
o      Other: _____.

#### III.      MONTHLY NET INCOME

Net employment income (the amount you take home after taxes):      $ _____.

Retirement income:      $ _____.

Social security income:      $ _____.

Unemployment benefits:      $ _____.

Workers' compensation:      $ _____.

Other monthly income:      $ _____.

(Specify: _____.)

Total Monthly Net Income:      $ _____.

#### IV.      MONTHLY EXPENSES

Child support:      $ _____.

Alimony payments:      $ _____.

Rent or mortgage:      $ _____.

Utilities (e.g., gas, electricity, water, etc.):      $ _____.

Food:      $ _____.

Clothing:      $ _____.

Health care and medical expenses:      $ _____.

**Exhibit B – Form 3**

| | |
|---|---|
| Vehicle payments or transportation expenses: | $ _____. |
| Minimum loan payments: | $ _____. |
| Minimum credit card payments: | $ _____. |
| Educational or employment expenses: | $ _____. |
| Legal financial obligations owed to the court or another court: | $ _____. |
| Other basic monthly living expenses: | $ _____. |
| (Specify: _____.) | |
| **Total Monthly Expenses:** | $ _____. |

## V.   DISPOSABLE MONTHLY INCOME

(Total Monthly Net Income) minus (Total Monthly Expenses)
= Disposable Monthly Income

**Disposable Monthly Income:**                                        $ _____.

## V.   CASH AND VALUABLE ASSETS

| | |
|---|---|
| Cash on hand and monies in a bank checking or savings account: | $ _____. |
| Stocks, bonds, and certificates of deposit: | $ _____. |
| Equity in real estate (value of property less what you owe): | $ _____. |
| Valuable personal property: | $ _____. |
| (Specify: _____.) | |
| Other valuable assets that you own: | $ _____. |
| (Specify: _____.) | |
| **Total Cash and Valuable Assets:** | $ _____. |

## VII.   ACKNOWLEDGMENT

My statements in this affidavit are true and accurate. I understand that any willful false statement
contained herein may subject me to penalties of perjury under section 97-9-61 of the Mississippi Code.
Further, I will inform the court if my income or financial status changes while this case is ongoing by
personally reporting to the Clerk of this Court that my case be placed on the docket for reconsideration of the terms
of my sentence.

_____

**DEFENDANT**

Sworn to and subscribed before me this the \_\_\_\_ day of _____, 20\_\_\_\_.

_____

**MUNICIPAL COURT CLERK/D.C.**

**Exhibit B – Form 4**

## IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI

**CITY OF CORINTH, MISSISSIPPI versus**

DEFENDANT: _____.

Case # _____. Docket # _____. Page # _____.

### SENTENCING ORDER

WHEREAS,

(Check the box that applies)

☐      This Court having accepted the DEFENDANT'S PLEA OF GUILTY and entered an adjudication of GUILT to: (Specify the offense) _____.

☐      This Court having conducted a trial for which the DEFENDANT was FOUND GUILTY and entered an adjudication of GUILT to: (Specify the offense) _____.

AND FURTHER, this Court having considered the DEFENDANT'S financial status, based on his/her submitted AFFIDAVIT OF SUBSTANTIAL FINANCIAL HARDSHIP and any sworn testimony regarding the DEFENDANT'S ability to pay court costs, restitution, fines, and/or assessments,

**IT IS HEREBY ORDERED:** (Check the box(es) that apply and fill in the spaces)

☐      DEFENDANT is to pay:      $ _____   Court costs
                                            $ _____   Restitution
                                            $ _____   Fines
                                            $ _____   Mandatory assessments under § 99-19-73
                                            $ _____   Total due

     A minimum payment of $ _____ per month shall be made to the Clerk of this Court on the total amount due, with full payment of all court costs, restitution, fines, and assessments to be made by _____ day of _____, 20_____.

☐      DEFENDANT shall be allowed to perform community service as allowed by law, but with accommodations for disabilities, childcare needs, transportation limitations, and to prevent any conflicts with the DEFENDANT'S work or school schedule, for _____ hours, at the rate of credit of $ _____ per hour (which rate is no lower than the highest current federal minimum wage), with the rate of credit earned applied to the payment(s).

☐      DEFENDANT is to serve _____ months and _____ days in jail, of which _____ months and _____ days are suspended. The DEFENDANT shall receive credit, as provided by law, for any jail time served on the current offense.

☐      Other: _____.

## Exhibit B – Form 4

**DEFENDANT'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A SUMMONS BEING ISSUED FOR HIS/HER APPEARANCE BEFORE THIS COURT TO SHOW CAUSE WHY HE/SHE SHOULD NOT BE HELD IN CONTEMPT OF COURT. THE DEFENDANT MAY APPEAL THIS JUDGMENT WITHIN 30 DAYS AS PROVIDED BY THE MISSISSIPPI RULES OF CRIMINAL PROCEDURE.**

ORDERED AND ADJUDGED this the _____ day of _____, 20_____.

_____
MUNICIPAL COURT JUDGE

**ACKNOWLEDGMENT**

(Check the box that applies)

☐ I, the DEFENDANT in the above-styled case, was afforded an opportunity, personally and/or through my attorney, to make a statement on my behalf before the Court adjudicated offense. Further, this Court explained to me the terms of my sentence. At this time, I do not believe that the terms of my sentence will cause an undue financial hardship to me or any dependents who rely upon me for financial support. I will promptly inform this Court if my income or financial status changes, or if I discover that I am unable to perform the required community service, by personally reporting to the Clerk of this Court that my case be placed on the docket for reconsideration of the terms of my sentence.

☐ I, the DEFENDANT in the above-styled case, was afforded an opportunity, personally and/or through my attorney, to make a statement on my behalf before the Court imposed sentencing for my adjudicated offense. Further, this Court explained to me the terms of my sentence, for which I feel may cause an undue financial hardship to me and/or dependent(s) who rely upon me for financial support.

COMMUNITY SERVICE REPORTING INFORMATION:

Reporting date and time: _____

Address to report: _____

Telephone number: _____

I HAVE BEEN PROVIDED A COPY OF THIS ORDER, AND WILL PROMPTLY REPORT TO THE CLERK OF THIS COURT ANY CHANGES OF MY MAILING ADDRESS BY: (Specify the manner for reporting a change of address) _____

_____
DEFENDANT

Sworn to and subscribed before me this the _____ day of _____, 20____.

_____
MUNICIPAL COURT CLERK / D.C.

2

**Exhibit B – Form 5**

**IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI**

**CITY OF CORINTH, MISSISSIPPI** versus

**DEFENDANT:** _____.

**Case #** _____. **Docket #** _____. **Page #** _____.

**SUMMONS TO SHOW CAUSE FOR CIVIL CONTEMPT OF COURT
AND NOTICE TO THE DEFENDANT**

**TO ANY OFFICER AUTHORIZED BY LAW
WITHIN THE STATE OF MISSISSIPPI TO SERVE SUMMONS:**

**YOU ARE HEREBY COMMANDED:**

**TO SUMMONS: (Specify the name of the DEFENDANT and the address where summons is to be served)**

_____,

to appear before this Court on the _____ day of _____, 20____, at _____ o'clock ___ m. at:

(Specify the physical address of the municipal court) _____,

for a show cause hearing for CIVIL CONTEMPT OF COURT for failure to pay court costs, restitution, fines, and/or assessments, or to complete community service, as evidenced by the attached copy of the motion for civil contempt, the court's sentencing order or modified order, and affidavits showing a failure to comply, **BY PERSONALLY DELIVERING** a copy of this summons to the DEFENDANT; and **TO PROMPTLY RETURN** the served summons to the MUNICIPAL COURT CLERK OF THIS COURT.

**ORDERED AND ADJUDGED** this the _____ day of _____, 20_____ at _____ o'clock ___ m.

_____

**MUNICIPAL COURT JUDGE**

**Notice to the Defendant**

"Civil contempt" means willful, continuing failure or refusal of any person to comply with a court's lawful writ, subpoena, process, order, rule or command that by its nature is still capable of being complied therewith. The burden of proof in a case of civil contempt is by a preponderance of the evidence.

**TO THE PERSON ALLEGED TO BE IN CONTEMPT OF COURT:**

1. It is alleged that you have disobeyed a Court order, are in contempt of court, and should go to jail until you obey the Court's order.

2. You have the right to have a lawyer. If you already have a lawyer, you should consult the lawyer at once. If you do not now have a lawyer, please note:

    (a)   A lawyer can be helpful to you by:

        (1) explaining the allegations against you;

        (2) helping you determine and present any defense to those allegations;

        (3) explaining to you the possible outcomes; and

        (4) helping you at the hearing.

    (b)   Even if you do not plan to contest that you are in contempt of court, a lawyer can be helpful.

    (c)   If you want a lawyer but do not have the money to hire one, you may ask the Court to appoint one for you at no cost.

3. IF YOU DO NOT APPEAR FOR A SCHEDULED COURT HEARING BEFORE THE JUDGE, YOU WILL BE SUBJECT TO ARREST.

1

**Exhibit B – Form 5**

ADDITIONALLY, you have the following legal rights at the hearing:

- The right to explain that you made timely payments or satisfactorily performed community service.
- The right to challenge the alleged amount owed.
- The right to explain any changes in your income or financial status that prevented you from making payments.
- The right to explain why you were unable to perform community service.
- The right to request a reduction or waiver of the amount you owe, or an extension of time to pay.
- The right to request reasonable accommodations or special conditions for making timely payments or completing community service, which may include those for any disability, for child care needs, for transportation, or for preventing conflicts with a work or school schedule.

PLEASE BRING TO THE HEARING THIS SUMMONS and ANY DOCUMENTATION OR INFORMATION that the Court should consider on your ability to pay court costs, restitution, fines, and/or assessments and/or to perform community service.

YOU MAY ONLY BE JAILED FOR CIVIL CONTEMPT IF THERE IS A WILLFUL, CONTINUING FAILURE OR REFUSAL TO COMPLY WITH THE COURT'S ORDER. You may not be jailed simply because you are financially unable to make payments. In that situation, the Court must consider other reasonable sentencing options, such as reducing or eliminating the amount you owe, extending the time to complete payment or perform community service.

IF YOU ARE FOUND IN CIVIL CONTEMPT AND JAILED FOR WILLFULLY REFUSING TO MAKE PAYMENTS, then the Court must give you an opportunity to gain release at any time with payments on the amounts owed that brings you into compliance with the court's order as of this date.

**OFFICER'S RETURN:**

I have this day served the above summons in compliance with its terms and conditions.

DATE AND TIME THE SUMMONS WAS PERSONALLY SERVED ON THE DEFENDANT:

_____ at _____ o'clock ___ m.


| | | | |
|---|---|---|---|
| OFFICER | STATE OR MUNICIPAL AGENCY | BADGE NUMBER | DATE |

Sworn to and subscribed before me this the _____ day of _____, 20_____.

MUNICIPAL COURT CLERK / D.C.

2

**Exhibit B – Form 6**

## IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI

**CITY OF CORINTH, MISSISSIPPI versus**

**DEFENDANT:** _____.

**Case #** _____. **Docket #** _____. **Page #** _____.

### AFFIDAVIT VERIFYING OR SUPPORTING MOTION FOR CIVIL CONTEMPT

I, _____, being duly sworn, make this affidavit that the DEFENDANT in the above-styled case:

☐    Has failed to pay court costs, restitution, fines, and/or assessments as ordered by the Court, as evidenced by a copy of the attached records and/or receipts, to wit: (List and attach records and/or receipts showing that the DEFENDANT failed to comply with the Court's order)

　　　　1. _____.
　　　　2. _____.
　　　　3. _____.

☐    Has failed to performed community service as ordered by the Court, as evidenced by a copy of the attached records and/or receipts, to wit: (List and attach records and/or receipts showing that the DEFENDANT failed to comply with the Court's order)

　　　　1. _____.
　　　　2. _____.
　　　　3. _____.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　MUNICIPAL COURT CLERK / D.C.

Sworn to and subscribed before me this the _____ day of _____, 20_____.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　NOTARY PUBLIC

**Exhibit B – Form 7**

## IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI

**CITY OF CORINTH, MISSISSIPPI versus**

**DEFENDANT:** _____.

**Case # _____. Docket # _____. Page # _____.**

### MOTION FOR CIVIL CONTEMPT OF COURT

Comes now the CORINTH MUNICIPAL PROSECUTOR alleging that the DEFENDANT in the above-styled case failed to pay court costs, restitution, fines, and/or assessments, or failed to perform community service, as ordered by this Court, as follows: (Check the box(es) that apply and fill in the amounts)

| | | | |
|---|---|---|---|
| ☐ | Pay court costs. | Judgment for court costs:<br>Court costs paid:<br>Amount owed:<br>Due date: _____ | $_____.<br>$_____.<br>$_____. |
| ☐ | Make restitution. | Judgment for restitution:<br>Restitution paid:<br>Restitution owed:<br>Due date: _____ | $_____.<br>$_____.<br>$_____. |
| ☐ | Pay fines. | Judgment for fines:<br>Fines paid:<br>Fines owed:<br>Due date: _____ | $_____.<br>$_____.<br>$_____. |
| ☐ | Pay assessments. | Judgment for assessments:<br>Assessments paid:<br>Assessments owed:<br>Due date: _____ | $_____.<br>$_____.<br>$_____. |

☐     Perform community service: (Specify) _____.

**"COURT COSTS" DO NOT INCLUDE ANY UNPAID FEES OF PRIVATE COLLECTION AND/OR PROBATION COMPANIES.**

Attached is a copy of the Court's sentencing order, or modified order, along with affidavits showing that the DEFENDANT failed to comply. WHEREFORE, I respectfully request this Court to issue, pursuant to Rule 32.4(c) of the Mississippi Rules of Criminal Procedure, a summons for the DEFENDANT to appear and show cause why he/she should not be held in civil contempt of court.

_____
MUNICIPAL PROSECUTOR

Sworn to and subscribed before me this the ____ day of _____, 20____.

_____
MUNICIPAL COURT CLERK / D.C.

**NO FILING FEE IS REQUIRED IN CONNECTION WITH THE FILING OF THIS MOTION.**

1

**Exhibit B – Form 7**

**Municipal prosecutor's information:**

Name: _____.

Mailing address: _____.

Physical address, if different from mailing address: _____.

Bar association number: _____. Email address: _____.

Office telephone: _____.


**Defendant's information:**

Name: _____.

Mailing address: _____.

Physical address, if different from mailing address: _____.

Email address: _____. Telephone: _____.

2

**Exhibit B – Form 8**

**IN THE MUNICIPAL COURT OF CORINTH, MISSISSIPPI**

**CITY OF CORINTH, MISSISSIPPI versus**

**DEFENDANT:** _____.

**Case #** _____. **Docket #** _____. **Page #** _____.

**CIVIL CONTEMPT OF COURT**
**AND NOTICE TO THE DEFENDANT**

**WHEREAS** this Court having conducted a show cause hearing on the _____ day of _____, 20_____, for civil contempt of court for failure to pay court costs, restitution, fines, and/or assessments, or to perform community service, by making an inquiry and causing an investigation to be made into the reasons for nonpayment or nonperformance, and the DEFENDANT being properly summoned and given a full opportunity to present testimony and introduce documents in his/her defense,

**IT IS HEREBY ORDERED:** (Check the box(es) that apply and fill in the spaces)

☐     The DEFENDANT IS NOT IN CIVIL CONTEMPT OF COURT because this Court finds by a preponderance of the evidence that the DEFENDANT'S failure to make payment(s) and/or to perform community service as ordered by the Court was NOT WILLFUL, and instead was due to the DEFENDANT'S inability to pay, or being unable to perform community service, therefore this Court modifies its sentencing order, as follows:

      ☐     Remaining court costs are reduced, as allowed by law, to:           $ _____

            Remaining restitution is reduced, as allowed by law, to:          $ _____

            Remaining fines are reduced, as allowed by law, to:            $ _____

            Mandatory assessments under § 99-19-73 (which may not be reduced):   $ _____

            Total due:                                          $ _____

            A minimum payment of $ _____ per month shall be made to the MUNICIPAL COURT CLERK on the total amount due. These payments shall be made until the total amount due is paid in full.

      ☐     The DEFENDANT shall be allowed to receive credit toward unpaid court costs, fines, and assessments by completing community service for _____ hours, at the rate of credit of $ _____ per hour (which rate is no lower than the highest current federal minimum wage), with the rate of credit earned applied to the payment.

            Additionally, the DEFENDANT shall be provided, as requested, with the following reasonable accommodations or special conditions for making timely payments or completing community service:

            ☐     No reasonable accommodations or special conditions are required.

            ☐     For any disability: _____.

            ☐     For child care needs: _____.

            ☐     For transportation: _____.

            ☐     For preventing conflicts with a work or school schedule: _____.

            ☐     Other: _____.

**WHEREAS THE DEFENDANT IS NOT IN CIVIL CONTEMPT OF COURT, NO COURT COSTS SHALL BE ASSESSED FOR THIS PROCEEDING.**

1

**Exhibit B – Form 8**

☐     The DEFENDANT IS IN CIVIL CONTEMPT OF COURT because this Court finds by a preponderance of the evidence: (Check the box(es) that apply)

    ☐     That the DEFENDANT WILFULLY refused, or WILFULLY failed to make sufficient bona fide efforts, to make payments on the court costs, restitution, fines, and/or assessments as ordered by this Court despite having the financial resources to do so without causing an undue financial hardship to himself/herself or any dependents relying upon him/her for financial support.

    ☐     That the DEFENDANT WILFULLY refused, or WILFULLY failed to perform community service as ordered by this Court despite being provided or offered reasonable accommodations for completing that service.

WHEREFORE, this Court, having considered the DEFENDANT'S situation, means, and conduct hereby orders: (Check one)

    ☐     That the DEFENDANT, having knowingly and voluntarily waived the right to counsel or having been represented by retained or appointed counsel in this proceeding, be incarcerated in the JAIL designated for municipal offenders for a maximum of _____ days, which period of confinement is within the limitations of § 99-19-20 and § 99-37-9 of the Mississippi Code, or until such time that the DEFENDANT either makes a payment of $_____ on the total amount due, an amount equal to the DEFENDANT'S delinquent payments AS OF THE DATE OF THIS ORDER, or full payment on the outstanding balance after applying the rate of credit earned for any jail time served on the offense.

        The DEFENDANT shall pay court costs of this proceeding in the amount of: $ _____, which shall be paid by _____ day of _____, 20_____.

    ☐     That the DEFENDANT be WARNED that another WILLFUL refusal, or WILLFUL failure to make sufficient bona fide efforts, to make payments on the court costs, restitution, fines, and/or assessments, or to perform community service, as ordered by this Court may result in the DEFENDANT'S incarceration. IT IS FURTHER ORDERED that the terms of the sentencing order be modified, as follows: (Specify)

        _____ _____

        _____

        _____.

        The DEFENDANT shall pay court costs of this proceeding in the amount of: $ _____, which shall be paid by _____ day of _____, 20_____.

ORDERED AND ADJUDGED this the _____ day of _____, 20_____.

                            _____

                            MUNICIPAL COURT JUDGE

2

**Exhibit B – Form 8**

Notice to the Defendant

YOUR FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A SUMMONS BEING ISSUED FOR YOUR APPEARANCE BEFORE THIS COURT TO SHOW CAUSE WHY YOU SHOULD NOT BE HELD IN CONTEMPT OF COURT.

YOU MAY APPEAL THIS JUDGMENT WITHIN 30 DAYS AS PROVIDED BY THE MISSISSIPPI RULES OF CRIMINAL PROCEDURE. ANY PERSON JAILED FOR CONTEMPT OF COURT IS ENTITLED TO THE SAME CONSIDERATION WITH RESPECT TO BAIL PENDING APPEAL AS A DEFENDANT CONVICTED IN A CRIMINAL PROCEEDING, AS PROVIDED BY LAW.

**ACKNOWLEDGMENT**

I, the DEFENDANT in the above-styled case, was given an opportunity, personally and/or through my  attorney, to make a statement on my behalf before the Court imposed the terms of this order.

COMMUNITY SERVICE REPORTING INFORMATION, if applicable:

Reporting date and time: _____.

Address to report: _____.

Telephone number: _____.

I HAVE BEEN PROVIDED A COPY OF THIS ORDER, AND WILL PROMPTLY REPORT TO THE CLERK OF THIS COURT ANY CHANGES OF MY MAILING ADDRESS BY: (Specify the manner for reporting a change of address) _____.

_____
DEFENDANT


Sworn to and subscribed before me this the _____ day of _____, 20_____.

_____
MUNICIPAL COURT CLERK / D.C.

3