IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SAMMY BROWN and BRIAN KEITH**     **PLAINTIFFS**
**HOWELL, on behalf of themselves and**
**all others similarly situated**

V.     NO. 1:17-CV-204-DMB-DAS

**CITY OF CORINTH and JOHN C.**
**ROSS, in his official capacity as the**
**Municipal Court Judge of the Corinth**
**Municipal Court**     **DEFENDANTS**

**ORDER**

On December 5, 2017, Sammy Brown and Brian Keith Howell filed a complaint in the United States District Court for the Northern District of Mississippi commencing a proposed class action lawsuit against the City of Corinth, Mississippi, and John C. Ross in his official capacity as the Municipal Court Judge of the Corinth Municipal Court. Doc. #1. The complaint asserts violations of the Fourth, Sixth, and Fourteenth Amendments, on allegations that the defendants operated "a modern-day debtors' prison, jailing the poor for the inability to pay money bail and fines."[1] *Id*. at 1.

On December 21, 2017, the parties filed a "Joint Motion to Stay Proceedings" to explore the possibility of settlement. Doc. #17. United States Magistrate Judge David A. Sanders granted the motion on January 2, 2018. Doc. #21. On April 25, 2018, the parties filed a "Joint Motion to Approve Stipulated Settlement Agreement, Retain Jurisdiction to Enforce the Agreement, and

---

[1] Specifically, the plaintiffs allege that (1) the defendants unconstitutionally detained people unable to pay secured money bail set pursuant to a predetermined bail schedule; (2) the City does not hold or seek timely probable cause determinations for people arrested without a warrant; (3) the defendants do not review arrestees' financial conditions of release at their initial appearance; and (4) Judge Ross systematically jails and threatens to jail individuals who cannot pay fines and court costs. Doc. #1 at 4–13.

Dismiss Pursuant to Rule 41(a)(1)(A)(ii)." Doc. #26.

In their April 25 motion, the parties request this Court to (1) approve the settlement entered by the parties; (2) retain jurisdiction to enforce the settlement for three years; and (3) dismiss the case, subject to the reservation of jurisdiction to enforce the settlement, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[2] *Id.*

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) enables parties to voluntarily dismiss an action without a court order by stipulation, provided the stipulation is "signed by all parties who have appeared." Here, all of the parties who have appeared have signed the joint motion, which ordinarily would effectuate dismissal of the case without court action. *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004) ("Except in special circumstances … a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court."). However, "a district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010). In *SmallBizPros*, the Fifth Circuit explained that

> to ensure that jurisdiction is retained so a district court has the power to enforce the terms of a settlement agreement, either (i) all of the requirements for retaining jurisdiction must be met at the time of filing or (ii) the filing's effectiveness must be contingent upon a future act (such as the district court issuing an order retaining jurisdiction).

*Id.* at 463.

The April 25 joint motion states:

> the Parties jointly move the Court to retain jurisdiction to enforce the Agreement for three (3) years. Subject to the Court's approval of this request to retain jurisdiction, Plaintiffs also move for dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii).

---

[2] Exhibits to the joint motion to approve are (1) the stipulated settlement agreement and (2) a copy of the court procedures the defendants have agreed to implement. Doc. #26-1; Doc. #26-2.

2

> … If the Court does not agree to continue its jurisdiction to enforce the Agreement, the Parties withdraw their motion to dismiss.

Doc. #26 at 2. Given this language, it is clear that the parties agree to the continued jurisdiction of this Court for three years to enforce the settlement agreement and that the stipulation of dismissal was not immediately effective upon its filing because it is conditioned on this Court's retention of jurisdiction.

> If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. … [W]hen … the dismissal is pursuant to Rule 41(a)(1)[(A)](ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

The Court, having reviewed the stipulated settlement agreement, approves the settlement reached by the parties. Accordingly, the parties' joint motion [26] is **GRANTED**. This case is **DISMISSED** in accordance with the parties' stipulated settlement agreement, with the Court retaining jurisdiction over this case for three years for the purpose of enforcing the terms of the settlement agreement.

**SO ORDERED**, this 6th day of July, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**